IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ CHRISTOPHER GUPTA,

    Petitioner,                   No. CIV S-02-1421 GEB JFM P

    vs.

EDWARD ALAMEIDA, et al.,

    Respondents.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction that he suffered in September 2000 at High Desert State Prison in Susanville, California. Petitioner was found guilty of failing to follow written instructions concerning his abuse of the inmate appeal process and assessed thirty days loss of time credits. Petitioner claims that his constitutional rights were violated because (1) he did not abuse the administrative appeal process and no evidence was presented that he did; (2) he was not allowed to present evidence in defense of the charges; and (3) the investigative employee assigned to assist him did not provide adequate assistance. Respondents contend that petitioner does not have a liberty interest in the challenged disciplinary proceedings and that his claims are without merit.

/////

1

After review of the record herein, the court finds additional issues that may require further briefing.  First, the record before the court shows that petitioner's offense was classified as a Division F offense.  (Ex. B to Respondents' Answer, filed March 4, 2003.) Applicable regulations provide that an inmate may apply for restoration of credits lost pursuant to a Division F offense after remaining disciplinary free for a period of three months.  15 Cal. Code Regs. § 3328(c).  Almost five years have elapsed since the disciplinary conviction at issue.  Good cause appearing, respondents will be directed to inform the court in writing whether the thirty days of credit lost in these disciplinary proceedings have been restored to petitioner.  If said credits have been restored, both parties shall show cause in writing why this action should not be dismissed as moot.

If the credits have not been restored to petitioner, respondents shall forthwith file copies of all material considered by the hearing officer in connection with the disciplinary proceedings at issue. (See Respondents' Ex. B at 3.)  With said filing, respondents shall specifically identify the 20 non-emergency appeals referred to in the disciplinary charges written by S. Ransdell.  (Id.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within fifteen days from the date of this order the parties shall inform the court in writing whether the time credits lost in the disciplinary proceedings at issue have been restored to petitioner and, if they have been restored, shall show cause in writing why this action should not be dismissed as moot; and

2. If the credits have not been restored, respondents shall within the same fifteen day period filed copies of all materials considered by the hearing officer at the disciplinary

/////
/////
/////
/////

1  hearing at issue in this matter and shall specifically identify the 20 non-emergency appeals
2  referred to in the disciplinary charges.
3  DATED: August 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
gupt1421.fb