IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ CHRISTOPHER GUPTA,

    Petitioner,               No. CIV S-02-1421 GEB JFM P

    vs.

EDWARD ALAMEIDA, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction that he suffered in September 2000 at High Desert State Prison in Susanville, California. Petitioner was found guilty of failing to follow written instructions concerning his abuse of the inmate appeal process and assessed thirty days loss of time credits. Petitioner claims that his constitutional rights were violated because (1) he did not abuse the administrative appeal process and no evidence was presented that he did; (2) he was not allowed to present evidence in defense of the charges; and (3) the investigative employee assigned to assist him did not provide adequate assistance.

        By order filed August 22, 2005, the parties were ordered to inform the court in writing whether the time credits lost in the disciplinary proceedings at issue have been restored to

1

petitioner and, if they have been restored, show cause in writing why this action should not be dismissed as moot.  The order further required, if the credits have not been restored, respondents to within the same fifteen day period file copies of all materials considered by the hearing officer at the disciplinary hearing at issue in this matter.

On September 8, 2005, the parties filed responses to the court's August 22, 2005 order.  In their response, styled a supplemental answer, respondents present evidence that petitioner was paroled from state prison on March 23, 2005,[1] after his convictions were reversed. Respondents cite an unpublished opinion of the United States Court of Appeals for the Ninth Circuit, Gupta v. Runnels, 116 Fed.Appx. 816 (Oct. 29, 2004), pursuant to which petitioner's conviction for selling marijuana to an undercover law enforcement officer was reversed and remanded "for issuance of the writ and an order for a new trial."  (Gupta v. Runnels, slip op. at 2.)[2]  In an order filed December 15, 2004, the district court granted a conditional writ of habeas corpus and directing the state to "release Petitioner from custody and discharge him from all adverse consequences of his conviction in Los Angeles Superior Court Case No. PA027363, unless Petitioner is brought to retrial within ninety days of the date the Judgment herein becomes final, plus additional delays authorized under state law."  (Gupta v. Runnels, No. CV 00-13145-CJC (MAN) (Dec. 15, 2004), slip op. at 2.)[3]

Respondents have appended to their supplemental answer a movement history for petitioner, which shows that on February 8, 2005, petitioner was temporarily released from Ironwood State Prison on out to court status as a defendant in the underlying criminal case.  (Ex.

---

[1] Although petitioner does not specifically represent that he has paroled from state prison, his address of record is now a non-prison address.

[2] This court can take judicial notice of orders issued by other courts.  See, e.g., Papai v. Harbor Tug and Barge Co., 67 F.3d 203, 207 n. 5 (9th Cir.1995), *rev'd on other grounds*, 520 U.S. 548 (1997); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).

[3] See footnote 2, supra.

1  A to Supplemental Answer, filed September 8, 2005.)  On March 23, 2005, petitioner was

2  paroled from Ironwood state prison with a "tentative discharge date" of August 18, 2006.  (Id.)

3  In Nonette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002), the United States Court

4  of Appeals noted that a California inmate's release on parole would moot a habeas corpus

5  challenge to prison disciplinary proceeding in which time credits were lost because "establishing

6  the invalidity of the disciplinary proceeding" could have no effect on any additional days of

7  incarceration or the length of the parole term.  After petitioner's underlying criminal conviction

8  was reversed, petitioner's state criminal proceedings concluded with a disposition placing him on

9  parole, and he is presently serving that parole term.  For the reasons set forth in Nonette, this

10 habeas corpus action is therefore moot.[4]

11 For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

12 application for a writ of habeas corpus be dismissed.

13 These findings and recommendations are submitted to the United States District

14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

15 after being served with these findings and recommendations, any party may file written

16 objections with the court and serve a copy on all parties.  Such a document should be captioned

17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18 shall be served and filed within ten days after service of the objections.  The parties are advised

19 /////

20 /////

21 /////

22 /////

23 /////

---

[4] Respondents have also presented evidence that petitioner was eligible for restoration of the lost credits three months after the disciplinary conviction at issue but never requested restoration of the lost credits.  Respondents argue that this failure renders the matter non-justiciable.  This court makes no findings concerning the merits of that argument.

3

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: September 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
gupt1421.157